UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YOLANDA TORRES AS THE ADMINISTRATRIX       Index No. 21-cv-2154(ARR)(MMH)
OF THE ESTATE OF LUIS FIGUEROA
and TANYA MUSMACHER,

                Plaintiffs,      **SECOND AMENDED COMPLAINT**

   -against-

                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
DETECTIVE PATRICK MCILMURRAY,
POLICE OFFICER DOMINIC RUGGIERO, and
SERGEANT JUAN CRUZ,
                Defendants.
-------------------------------------------------------------x

    Plaintiffs, Yolanda Torres as the Administratrix of the Estate of Luis Figueroa, deceased, and Tanya Musmacher by their Attorneys, Law Offices of Anthony Ofodile, complaining of the Defendants, The City of New York, Detective Patrick McIlmurray, P.O. o. Dominic Ruggiero, and Sergeant Juan Cruz, allege as follows:

**JURISDICTION AND VENUE**

    1.    This is an action at law to redress stop, arrest, imprisonment, and prosecution of Plaintiffs without probable cause, in violation of the Plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious and reckless acts of the City of New York, and some of its Police Officers. The Court also has supplemental jurisdiction over Plaintiffs' claims brought under Article 1, Section 12 of the New York State Constitution for violation of their State constitutional rights against unreasonable stop, search, seizure, and prosecution.

1

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Queens which is within the Eastern District of New York.

## PARTIES

4. At all times material and relevant to the facts of this case, Luis Figueroa and Tanya Musmacher resided in Brooklyn, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual defendants and is liable for its municipal policies of failing to properly train, supervise and punish Police Offices, Detectives and Sergeants which allows them to commit wholesale invasion of constitutional rights.

6. At all time relevant and material to this case, Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz, (collectively referred to as Officers), were employees of the City of New York, employed in its Police Department in Queens County New York.

## STATUTE OF LIMITATIONS

7. This action is timely commenced as the statute of limitations was tolled by the

Governor's exercise of Emergency Powers as a result of COVID-19 and the Governor's Executive Orders tolled the statute of limitations from March 20, 2020, to November 4, 2020, a period of more than 210 days and this action is timely filed based on the tolling of the statute of limitations.

## **FACTUAL ALLEGATIONS**

8. On April 20, 2018, at approximately 10:45 p.m., Luis Figueroa and Tanya Musmacher (also referred to as "Plaintiffs" in narrating the facts) were walking with one Louis Perez, a friend on Roosevelt Avenue, in Queens, County, New York, going towards the bus terminal on 74th & Roosevelt when they were stopped by plain clothes Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz.

9. The Officers told Plaintiffs that something occurred and they fit the description. Plaintiffs waited for 10 - 15 minutes for other Officers to arrive at the scene while having casual conversations with the Officers in plain clothes as they were sure that they did nothing wrong and had nothing to be worried about.

10. After about 10 - 15 minutes, while Plaintiffs were already surrounded by 15 - 20 Officers and many Police vehicles (marked and unmarked), an unmarked car pulled up and the Detectives, including Patrick McIlmurray, asked Plaintiffs to put their hands behind their backs and to turn and face the car that pulled up, while at the same time holding their hands behind their backs.

11. After a few minutes (of Plaintiffs turning their heads and facing the unmarked car that pulled up), the Police told Mr. Perez to go, but took his name and number, and told Plaintiffs that they were under arrest and handcuffed them.

12. Although Plaintiffs asked why they were being arrested, they were not informed.

13. Plaintiffs were taken to the 100th Precinct in Long Island City (LIC).

14. While at the Precinct, Luis Figueroa was placed in the cell while Plaintiff Musmacher was handcuffed to a bench at the Precinct. Neither Plaintiff was given a phone call nor told why s/he had been arrested.

15. After about 4-6 hours, Plaintiffs were fingerprinted and they spoke to the Detective in charge of their case, who upon information, was Defendants Detective Patrick McIlmurray. While Plaintiffs were interviewed separately, each was asked what s/he did the night before and each recounted what s/he did and where they had been and asked the Detectives to get the video recordings from the Laundromat and the Rite Aid store which were far from the area where Plaintiffs understood the incident occurred and which would prove that Plaintiffs were not involved in the incident.

16. Detective Patrick McIlmurray who interviewed Plaintiffs told them that he would investigate and that they should be cleared by the time they would see a Judge.

17. Plaintiffs were later escorted to Central Booking and, on arraignment, Plaintiff Luis Figueroa was given $25,000.00 cash bail and $50,000.00 bond while Tanya Hernandez Musmacher was given $10,000.00 bond or $5,000.00 cash bail.

18. Ms. Musmacker made bail after approximately 12 days in Rikers Island.

19. Luis Figueroa was unable to make bail from April 20, 2018, until July 11, 2018, when, upon information, an application was made pursuant to New York State Criminal Procedure Law §180.80 and he was released on his own recognizance.

20. The case was presented to the Grand Jury but Plaintiff Figueroa was not indicted.

21. Plaintiffs continued to go to Court every two to three weeks until December 5, 2018, when the charges against them were dismissed.

22. Plaintiff Musmarcher, in addition to going to Court on the pending criminal proceedings, was required to report to her Bail Bondsman every week so that her bail would not be revoked.

23. Plaintiff Tanya Musmacher learned during the pendency of the criminal proceedings that the Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz other Officers who conducted the "show up" had body cameras on and also that the witness who allegedly identified Mr. Figueroa as the culprit in the alleged armed robbery had stated to Detective McIlmurray inside the car during the show up that the robber was wearing a mask that covered his whole face except for the eyes and that he could not make any identification because he did not observe the face of the robber.

24. Although the victim clearly indicated to the Defendants doing the "show-up" identification that the robber was masked and he did not see his face and therefore could not identify him, the Defendants told the victim to identify Plaintiffs as the culprits and the victim then allegedly identified the Plaintiffs.

25. Upon information and belief, there was no confirmatory identification process conducted in this case which should have been conducted in the circumstances because Plaintiffs and the alleged victims were strangers, the robber wore a mask that fully covered his face, the identification process of the Plaintiffs was unduly suggestive and conducted at night.

26. The video from Rite Aid and the Laundromat were also, upon information, subpoenaed by Ms. Musmacker's Counsel to the Grand Jury. Upon information and belief, the

Detectives who knew where Plaintiffs were during the alleged time of the robbery and who were told that video evidence existed to prove their innocence and who promised to check such video and let Plaintiffs go before they saw the Judge either did not take the simple and reasonable step needed at that time in the investigative process, or, if they did, concealed the evidence and/or failed to act on it, causing unwarranted and prolonged incarceration and prosecution of Plaintiffs.

27. Plaintiff Figueroa lost his job and spent three and half months incarcerated and became homeless as a result of this arrest.

28. Plaintiff Tanya Musmacher spent approximately 12 days incarcerated, was forced to go the Bail Bondsman every week in addition to having to go to Court every two to three weeks from April 20, 2018 to December 5, 2018 and also became homeless.

29. The actions of the individual defendants were callous, intentional and reckless and were done in knowing violation of Plaintiffs' rights and Plaintiffs are therefore entitled to punitive damages against the individual defendants, especially the Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz who directed/ suggested to the victim to identify Plaintiffs when he was not in a position to make any identification.

30. There was no basis to stop Plaintiffs in the first place because there were three of them, two men and a woman and Plaintiffs understood that the robbery was committed by one man with allegedly one woman on the look out.

31. In addition to there not being sufficient reason to stop Plaintiffs because of their numbers, and as the crime victim was unable to see the face of the robber who wore a mask that covered his face, Defendants preliminary inquiry dissipated any reason for the stop because it showed that the three of them had been together during the relevant time period and specifically

pinpointed where they were, what they were doing, and provided alibi evidence which a reasonable and well trained Officer would have acted upon by stopping the detention of the Plaintiffs and/or ruling out their alibi defense which was easily verifiable.

## AS FOR A FIRST CAUSE OF ACTION

32. Plaintiffs repeat and re-allege paragraphs 1 through 31 of this Complaint as if each paragraph is re-alleged and repeated verbatim herein.

33. Defendants (Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz) stopped Plaintiffs without reasonable cause to believe that they had committed any crimes in violation of their rights to be free from unreasonable search and seizure protected under the 4th and 14th Amendments to the United States Constitution as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A SECOND CAUSE OF ACTION

34. Plaintiffs repeat and re-allege paragraphs 1 through 33 as if each paragraph is repeated and re-alleged verbatim herein.

35. Plaintiffs were arrested by the individual Defendants detaining them and not letting them go after their initial inquiries after interrogating the Plaintiffs failed to unearth any evidence of suspicious activity, revealed that Plaintiffs were in company of Perez all evening and accounted for their whereabouts at the relevant time with verifiable alibi evidence of where they were that would support them, and having obtained Plaintiffs' identifications, there was no more need to detain them and in further detaining them in the circumstances, falsely arrested them are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A THIRD CAUSE OF ACTION

36.     Plaintiffs repeat and re-allege paragraphs 1 through 35 as if each paragraph is repeated and re-alleged verbatim herein.

37.     The individual Defendants conducted an unduly suggestive show-up and identification of Plaintiffs by surrounding them with law enforcement, restraining them, and then having the crime victim point them out, and also by failing to do a confirming identification having regard to the circumstances as the victim had no prior contact with Plaintiffs, did not know the robber personally and a confirming identification was required to cure such unconstitutional show-up and are therefore liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A FOURTH CAUSE OF ACTION

38.     Plaintiffs repeat and re-allege paragraphs 1 through 37 as if each paragraph is repeated and re-alleged verbatim herein.

39.     The robber was masked, covering his whole face with only his eyes and mouth showing and the crime victim was unable to see his face and could therefore not identify him and communicated same information to the individual defendants who, in spite of this knowledge, asked him to identify the Plaintiffs as the robbers in violation of the 4th, 5th, 6th and 14th Amendment rights are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A FIFTH CAUSE OF ACTION

40.     Plaintiffs repeat and re-allege paragraphs 1 through 39 as if each paragraph is repeated and re-alleged verbatim herein.

8

41. The robber was masked, covering his whole face with only his eyes and mouth showing and the crime victim was unable to see his face and could therefore not identify him and communicated same information to the individual defendants who, in spite of this knowledge, asked him to identify the Plaintiffs as the robbers and thereby manufactured evidence against them and denied them their rights to a fair trial in violation of their rights protected by 4th, 5th, 6th and 14th Amendment to the Constitution of the United States are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A SIXTH CAUSE OF ACTION

42. Plaintiffs repeat and re-allege paragraphs 1 through 41 as if each paragraph is repeated and re-alleged verbatim herein.

43. Plaintiffs provided alibi evidence to the individual defendants about their whereabouts indicating to them that video evidence from a Pharmacy and a Laundromat would affirmatively demonstrate their innocence, defendants promised to investigate before filing criminal charges and failed to investigate and had a reasonable opportunity to investigate thereafter but either failed to do so, neglected to do so, or did not act on the evidence that they obtained leading to the prolonged incarceration and prosecution of Plaintiffs.

44. The special circumstances of this case required further investigation when Plaintiffs were in the company of their friend and the robbery was allegedly committed by a lone male with a female look out, the robber was wearing a mask making it almost impossible to identify him, plaintiffs indicated their whereabouts and indicated that video evidence would substantiate their claims of innocence.

45. A reasonable police officer/detective, interested in finding the truth, not an

unsubstantiated and pre-determined result would have taken less than a couple of hours - less time that it would have taken them to book Plaintiffs - to either substantiate or discount Plaintiffs' claims of innocense.

46. By failing to do what a reasonable and competent officer was required to do in the circumstances of this case when the robbery was committed by a masked robber and one accomplice and Plaintiffs were with a third person when they were stopped and they affirmed that all three had been together all evening, defendants (Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz) subjected Plaintiffs to undue and prolonged detention in violation of their constitutional rights to be free from unreasonable detention are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A SEVENTH CAUSE OF ACTION

47. Plaintiffs repeats and re-allege paragraphs 1 through 46 as if each paragraph is repeated and re-alleged verbatim herein.

48. Plaintiffs were falsely arrested when the individual defendants, knowing that the robber wore a mask and could not be positively identified by the crime victim, indicated, implied, suggested and/or otherwise led him to believe that Plaintiffs were the robbers leading to the "identification" of Plaintiffs as the robbers and are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR AN EIGHT CAUSE OF ACTION

49. Plaintiffs repeat and re-allege paragraphs 1 through 48 as if each paragraph is repeated and re-alleged verbatim herein.

50. Plaintiffs were arrested by the individual defendants and charged with various crimes, including armed robbery and violent weapons possession. The charges filed against Plaintiffs were all dismissed in Plaintiff's favor.

51. When the individual defendants charged Plaintiffs with the various crimes, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual basis for those charges in violation of Plaintiffs' constitutional rights to be free from malicious prosecution as guaranteed by both Federal and State Constitutions and are liable to Plaintiffs in damages pursuant to 42 U.S.C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A NINTH CAUSE OF ACTION

52. Plaintiffs repeat and re-allege paragraphs 1 through 51 as if each paragraph is repeated and re-alleged verbatim herein.

53. The individual Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz, each witnessed the violation of Plaintiffs' constitutional rights by the other Officers involved in the detention, arrest and prosecution of Plaintiffs and each had the opportunity to intervene to stop the violation of Plaintiffs' constitutional rights but failed to do so and each is therefore liable to Plaintiffs in damages pursuant to 42 U. S. C § 1983 as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR THE TENTH CAUSE OF ACTION

54. Plaintiffs repeat and re-allege paragraphs 1 through 53 as if each paragraph is repeated and re-alleged verbatim herein.

55. The individual Defendants Detective Patrick McIlmurray, Police Officer Dominic

Ruggiero, and Sergeant Juan Cruz's violation of Plaintiffs' constitutional rights to be free from unconstitutional stop, detention, arrest, prosecution, and denial of Plaintiffs' right to a fair trial were all committed as a result of the City of New York's failure to properly train, supervise, discipline its Officers which led to the violation of Plaintiffs' constitutional rights.

56. The City of New York failed to properly train and supervise its Officers on how to properly conduct a show up though it knew that such Officers would come into contact with members of the public and that lack of proper and adequate training and supervision would lead to members of the public being wrongfully identified and lead to serious injuries in loss of liberty to the affected members of the public.

57. The City of New York failed to properly and sufficiently train and discipline its Officers who provided and/or provide false and/or misleading evidence regarding the circumstances of stops, improper, misleading, suggestive and/or actual falsification of evidence that lead to false identification with the result that some of the individual defendants in this case and similar cases were and are not concerned about any disciplinary action for their actions that lead to and/or cause the false detention, arrest, prosecution, and even conviction of innocent citizens.

58. Although there always were and have been many cases of officer misconduct, falsification of evidence and/or tampering with witnesses leading to false arrests, false imprisonment, malicious prosecution and/or wrongful conviction of innocent citizens, the City of New York has failed to establish a system to identify, monitor, and study such cases and develop a comprehensive policy through prosecutors and the legal defense bar to deal with such misconduct and has therefore not provided any disincentive to such officers involved in such

misconduct but have in fact rewarded them with promotions with the result that police officers are emboldened and feel that the end justifies the means and fear no consequences for their actions, even when found out.

59. The City of New York as part of its failure to train and supervise and establish and enforce proper policies to ensure the safety of the general public and persons situated like the Plaintiffs has failed to institute and operationalize a system that requires its Officers and prosecuting personnel to check easily verifiable alibi witnesses especially in cases of questionable and suspect eyewitness identification such as happened in this case with the effect that innocent accused persons who could easily be released from jail and their cases dismissed are made to spend a prolonged and unnecessarily lengthy period incarcerated .

60. As a result of the aforementioned policies, practices and failures of the City of York, Plaintiffs were damaged and their constitutional rights violated and the City of New York is therefore liable to Plaintiffs in damages pursuant to 42 U. S. C § 1983 for the violation of their constitutional rights pursuant to *Monnell v. The City of New York* as a result of the City's failure to properly train, instruct and supervise its Officers.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

**For each of the constitutional and statutory violations hereinabove complained of:**

    i.    general and compensatory damages in an amount that would adequately compensate each Plaintiff for the violation of his rights and for the physical, emotional, and mental distress – against all Defendants, jointly and severally;

    ii.    specific damages in the amount that it cost each Plaintiff to defend himself in Court as a result of Defendants' actions – against all Defendants, jointly and

   severally;

iii. specific damages for the income that he lost as a result of Defendants' actions – against all Defendants, jointly and severally;

iv. punitive damages in an amount sufficient to punish the individual Defendants (Defendants Detective Patrick McIlmurray, Police Officer Dominic Ruggiero, and Sergeant Juan Cruz) and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

v. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

vi. such other relief as the court deems just and proper.

Dated: Brooklyn, New York
   July 8, 2022

            LAW OFFICES OF ANTHONY OFODILE
              Attorneys for Plaintiffs

            By: _s/b Anthony C. Ofodile_
              Anthony C. Ofodile, Esq.
              498 Atlantic Avenue
              New York, NY 11217
              Tel: (718) 852-8300
              **ACOfodile@aol.com**